UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| AMBER BROWN, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 3:12-CV-38 |
| | § | |
| DG MARINE TRANSPORATION | § | |
| LLC, *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The shipowner in this case seeks to apply Texas medical malpractice law to a Jones Act claim alleging that the shipowner is liable for the negligent medical treatment of its injured seamen.  Because the Texas medical malpractice statutes apply only to lawsuits against "a health care provider or physician," Tex. Civ. Prac. & Rem. Code Ann. § 74.001(13), and even a more broadly defined state law could not trump a long-established federal cause of action, state law does not provide a defense in this case.  Accordingly, Defendant Genesis Marine, LLC's motion to dismiss is **DENIED**.

## I.  BACKGROUND

Jason Brown worked as a deckhand aboard the M/V CAPTAIN GEORGE BRUMLEY, which was owned at the time by Genesis Marine's predecessor, DG Marine Transportation LLC.  On September 8, 2009, Brown fell when stepping

down from the vessel to a barge.  Genesis Marine sent Brown to a physician for treatment of his injuries.  One of the treating physicians prescribed epidural steroid injections to relieve Brown's pain.  Brown died "a short time" after being sent home.  Docket Entry No. 18 at 2.  According to the autopsy, the cause of death was "saddle embolus with pulmonary thromboemboli due to deep venous thrombosis of the left lower leg associated with decreased mobilization related to back injury." *Id.*

Plaintiffs, Brown's wife and his estate, brought this suit under the Jones Act and general maritime law.  The complaint alleges that Brown "died as a direct and proximate cause of injuries he sustained aboard the vessel and/or the treatment [Brown] received from the Defendant's choice of physician."  *Id.*  With respect to the claims focused on medical care, Plaintiffs allege both that "the Defendant was negligent in its choice of physician and that such negligence lead [sic] to poor treatment" and that "Defendant chose the deceased Plaintiff's treating physicians and therefore these treating physicians were the agent[s] of the Defendant."  *Id.* at 3.

Genesis Marine has filed a Rule 12 motion to dismiss.  The motion argues that two provisions of Texas medical malpractice law require dismissal of the claims related to Brown's medical treatment: the two-year statute of limitations and the requirement of a presuit expert report supporting the negligence claim.

*See* Tex. Civ. Prac. & Rem. Code Ann. §§ 74.251, 74.351.  Though cryptic, the two-paragraph motion also generally disputes the existence of "any legal basis on which Defendant should be held liable" for inappropriate medical treatment "under the Jones Act or General Maritime Law."[1]  Docket Entry No. 23 at 1.

## II.  ANALYSIS

The Supreme Court rejected this latter argument over a century ago when it explained that the "duty to provide proper medical treatment and attendance for seamen falling ill or suffering injury in the service of the ship has been imposed upon the shipowners by all maritime nations." *The Iroquois*, 194 U.S. 240, 241–42 (1903).  That "ancient duty to provide maintenance and cure" was incorporated into the Jones Act and gives rise to both of the legal theories under which Plaintiffs seek to hold Genesis Marine responsible for the alleged medical negligence.  *Cent. Gulf S.S. Corp. v. Sambula*, 405 F.2d 291, 298 (5th Cir. 1968) (citing 46 U.S.C. § 688; *DeZon v. Am. President Lines*, 318 U.S. 660, 665 (1943); *Cortes v. Balt. Insular Lines*, 287 U.S. 367 (1932)).  In *Sambula,* the Fifth Circuit endorsed

---

[1] In its reply brief, Genesis Marine raises the additional arguments (1) that Plaintiffs have not provided sufficient factual detail about how the referral to the physicians was negligent, and (2) that, based on an expert report, the alleged negligence is attributable to a doctor who treated Brown as the result of a referral from the orthopedic surgeon Genesis Marine recommended, not a direct referral from Genesis Marine.  But new arguments cannot be raised in a reply brief. *Jones v. Cain*, 600 F.3d 527, 541 (5th Cir. 2010) ("Arguments raised for the first time in a reply brief are generally waived.").  And the latter argument in particular goes beyond the pleadings and thus is not proper as part of a Rule 12 motion to dismiss for failure to state a claim.  *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996) ("[T]he court may not look beyond the pleadings in ruling on the [12(b)(6)] motion." (citation omitted)).

Plaintiffs' "negligent referral" claim, *see id*. at 299–301 (concluding that the Jones Act "does impose upon [the shipowner] a duty to make reasonable efforts to secure the treatment leading most naturally to sight rather than blindness" in an eye injury case), and their "vicarious liability" claim, *see id*. at 302 (holding that a doctor's "engagement by Central Gulf in the discharge of its medical care duties to Sambula made him the agent of Central Gulf; and thus his deficient medical treatment, therapy, and prescription are attributable to Central Gulf on agency principles" (citing *Hopson v. Texaco, Inc.*, 383 U.S. 262, 263 (1966) (per curiam)).[2]   More recent cases from other jurisdictions demonstrate that these are generally recognized theories of liability under the Jones Act.   *See Dise v. Express Marine, Inc.*, 651 F. Supp. 2d 457, 468 (D. Md. 2009) ("Courts have . . . consistently held that an agency relationship exists when a shipowner engages the services of an on-shore physician."), *aff'd*, 476 F. App'x 514 (4th Cir. 2011); *see also Olsen v. Am. S.S. Co.*, 176 F.3d 891, 895–96 (6th Cir. 1999) (collecting cases); *De Centeno v. Gulf Fleet Crews, Inc.*, 798 F.2d 138, 140 (5th Cir. 1986) ("A shipowner is vicariously responsible for the negligence of a physician it chooses to treat its seaman."   (citations omitted)).   Genesis Marine cites no case ever questioning the viability of those claims under federal law.

---

[2] The Jones Act incorporates the standards of the Federal Employers' Liability Act, "which renders an employer liable for the injuries negligently inflicted on its employees by its officers, agents, or employees." *Hopson*, 383 U.S. at 263 (citation and internal quotation marks omitted).

4 / 6

Instead, Genesis Marine seeks to graft state law medical malpractice requirements onto the Jones Act.  But those statute of limitations and expert report provisions apply only to a "health care liability claim," *see* Tex. Civ. Prac. & Rem. Code Ann. §§ 74.251, 74.351, which is defined as "a cause of action *against a health care provider or physician* for treatment, lack of treatment, or other claimed departure from accepted standards of medical care."  *Id.* § 74.001(13) (emphasis added). Genesis Marine is a shipowner, not a health care provider or physician. Thus, by their own terms, the medical malpractice statutes avoid the problematic situation Genesis Marine contemplates in which state law would seek to limit a federal cause of action.  *See* U.S. Const. art. VI, cl. 2 (stating that federal law "shall be the supreme Law of the Land"); *see also Greenwell v. Aztar Ind. Gaming Corp.*, 268 F.3d 486, 491–92 (7th Cir. 2001) (Posner, J.) ("[T]he district judge erred in dismissing [plaintiff's] claim on the basis of the Indiana medical-review statute. The statute governs claims under Indiana law . . . not claims under federal law . . . ." (citing *Smith v. Indiana*, 904 F. Supp. 877, 879–80 (N.D. Ind. 1995), among others)), *abrogated on other grounds by McCarter v. Ret. Plan for Dist. of Am. Family Ins. Grp.*, 540 F.3d 649, 653 (7th Cir. 2008).

## III.   CONCLUSION

For these reasons, Plaintiffs have asserted legally viable Jones Act claims that state medical malpractice law does not govern.  Whether any evidence exists to support these claims is a question to be answered later in this lawsuit.  Genesis Marine's motion to dismiss (Docket Entry No. 23) is therefore **DENIED**.

**IT IS SO ORDERED.**

**SIGNED this 5th day of April, 2013.**

_____
Gregg Costa
United States District Judge